1   SULLIVAN, HILL, LEWIN, REZ & ENGEL
    A Professional Law Corporation
2   Cynthia A. Fissel, SBN 164153
    550 West "C" Street, Suite 1500
3   San Diego, California 92101
    Telephone:    (619) 233-4100
4   Fax Number:   (619) 231-4372
    fissel@shlaw.com
5
    James S. Rigberg, Pro Hac Vice (Arizona Bar No. 015267)
6   MARISCAL, WEEKS, McINTYRE
         & FRIEDLANDER, P.A.
7   2901 North Central Avenue, Suite 200
    Phoenix, Arizona 85012-2705
8   Telephone:    (602) 285-5000
    Fax Number:   (602) 285-5100
9   Jim.rigberg@mwmf.com

10  Attorneys for Defendant, CRISIS MANAGEMENT, LLC

11
                    **UNITED STATES DISTRICT COURT**
12
                    **SOUTHERN DISTRICT OF CALIFORNIA**
13
    YOU WALK AWAY, LLC, a California    )    Case No. 08 CV 0529 WQH BLM
14  limited liability company,,         )
                                        )    **MEMORANDUM IN SUPPORT OF**
15              Plaintiff,              )    **MOTION TO DISMISS, STAY, OR**
                                        )    **TRANSFER VENUE TO THE**
16  v.                                  )    **DISTRICT OF ARIZONA**
                                        )
17  CRISIS MANAGEMENT, LLC, an          )    **[NO ORAL ARGUMENT UNLESS**
    Arizona corporation, and WALK AWAY  )    **REQUESTED BY COURT]**
18  PLAN, LLC, a business entity of unknown )
    form,                               )    Date:      May 19, 2008
19                                      )    Time:      11:00 a.m.
                Defendants.             )    Crtm:      4
20                                      )
                                        )
21  _____)    Judge:     Hon. William Q. Hayes

22          Defendant Crisis Management, LLC submits this Memorandum in Support of its Motion to

23  Dismiss, Stay, or Transfer Venue to the District of Arizona as follows:

24

25

26

27

28

# I.

## INTRODUCTION

Defendant Crisis Management, L.L.C. ("Crisis Management"), an Arizona limited liability company, offers assistance to individuals relative to the current mortgage crisis.  Crisis Management uses the domain name "*www.walkawayplan.com*" to market its services on the Internet and the name "The Walk Away Plan" to describe the plans it tailors for each of its customers.  Plaintiff You Walk Away, L.L.C. ("You Walk Away") alleges that it owns the name and mark "You Walk Away" and that Crisis Management's use of the name Walk Away Plan and the *www.walkawayplan.com* domain name infringe on its claimed trademark rights.  On March 14, 2008, Crisis Management filed suit in the United States District Court for the District of Arizona seeking a declaration that its use of the Walk Away Plan name and mark and the *www.walkawayplan.com* domain name does not infringe on You Walk Away's rights.  A true and correct copy of the Complaint filed in the action styled *Crisis Management, L.L.C. v. You Walk Away, L.L.C.*, District of Arizona Case No. CD-08-0504-PHX-FJM, is attached to the Declaration of James S. Rigberg  ("Rigberg Decl.") as Exhibit "1."

On March 21, 2008, You Walk Away commenced this lawsuit, seeking to enforce its alleged trademark rights in the name You Walk Away.  Under the "first-to-file rule," this action should be transferred to the United States District Court for the District of Arizona where it can be consolidated with the pending lawsuit brought by Crisis Management.

# II.

## BACKGROUND

By letter dated February 29, 2008, counsel for You Walk Away advised Crisis Management that You Walk Away claimed ownership of the name and mark You Walk Away and the domain name *www.walkawayplan.com*.  A true and correct copy of the February 29, 2008 letter is attached to the Rigberg Decl. as Exhibit "2."  The same letter further advised that the You Walk Away mark was the subject of a pending trademark application.  Counsel for You Walk Away demanded that Crisis Management cease using the name and mark Walk Away Plan and the domain name *www.walkawayplan.com* within ten days, otherwise You Walk Away would file suit.

On or about March 8, 2008, a representative of You Walk Away telephoned Crisis Management, inquiring as to whether Crisis Management would adhere to the demands made in the February 29 letter.  *See* Declaration of Paul Helbert at ¶ 6.  Helbert advised that he did not believe that Crisis Management's use of Walk Away Plan or *www.walkawayplan.com* infringed on You Walk Away's rights.  *See id.* at ¶ 7.  Helbert further advised that Crisis Management would be consulting an attorney to determine how to respond to You Walk Away's allegations, provided the name and phone number of his attorney, James Rigberg, and requested that You Walk Away communicate directly with Mr. Rigberg.  Despite that request, You Walk Away representatives called Crisis Management several more times.  *See id.* at ¶ 7.  On March 14, 2008, Crisis Management consulted with its attorney and, later that day, filed a lawsuit against You Walk Away in the Arizona District Court.  *See id.* at ¶ 8.  One of Crisis Management's chief concerns was that it file an action before the United States Patent and Trademark Office approved You Walk Away's pending trademark application.  *See id.* at ¶ 8.

## III.

## <u>ARGUMENT</u>

When a "complaint involving the same parties and issues has already been filed in another district," the Court may decline jurisdiction in favor of allowing the earlier filed case to proceed.  *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F. 2d 93, 95 (9th Cir. 1982).  This so-called "first-to-file" rule exists to serve "the purpose of promoting efficiency well and should not be disregarded lightly."  *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F. 2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. U. S. Dep't of the Army*, 611 F. 2d 738, 750 (9th Cir. 1979)).  The parties and the issues in this case and the earlier filed case in the District of Arizona are identical.  Under the first-to-file rule, the Court should dismiss, stay, or transfer venue over You Walk Away's action in this Court.

The facts presented in this case are similar to those in *Seattle Pacific Industries, Inc. v. Levi Strauss & Co.*, 46 U. S. P. Q. 2d 1316, 1997 U.S. Dist. LEXIS 22579 (W.D. Wa. 1997) (a true and correct copy of which is attached to the Rigberg Decl. as Exhibit "3").  By letter dated March 26, 1997, Levi Strauss threatened to sue Seattle Pacific Industries ("SPI") for trademark/trade dress

1   infringement if SPI did not discontinue use of a certain label and stitching pattern.  SPI responded

2   with voicemail messages on March 28 and April 7, 1997, apparently indicating that it was going to

3   continue using these items.  By letter dated June 19, 1997, Levi Strauss again advised that, because

4   SPI indicated that it intended to continue using the design, it had "no choice but to file a complaint."

5   1997 U.S. Dist. LEXIS at 4.  On August 4, 1997, SPI brought a declaratory judgment action in

6   Washington.  Subsequently, Levi Strauss filed an infringement action in California.

7          Levi Strauss filed a motion to dismiss SPI's earlier filed declaratory judgment action, arguing

8   that "SPI simply rushed to the courthouse to avoid the suit that Levi Strauss would bring in

9   California."  SPI responded that its case should proceed and that Levi Strauss could bring the

10  infringement claims asserted in the California case as counterclaims.  The Washington District Court

11  agreed that "the first-to-file rule should not be abandoned except where there has been some bad

12  faith or deliberate delays in order to accomplish forum shopping."  1997 U.S Dist. LEXIS at 6.  The

13  Court further agreed that the fact that SPI's lawsuit was for declaratory relief did not "weigh against"

14  application of the first-to-file rule.  1997 U.S Dist. LEXIS at 5.  Because no evidence of bad faith

15  existed, the Court denied Levi Strauss' motion to dismiss based on the first-to-file rule.

16         Crisis Management seeks the same relief in its earlier filed Arizona District Court action as

17  SPI did – a declaration that it is entitled to continue using certain marks.  Crisis Management did not

18  do anything deliberately to delay You Walk Away from filing an infringement action.  For example,

19  upon receipt of the February 29, 2008 letter, Crisis Management did not attempt to lull You Walk

20  Away into inaction by representing that it agreed its Walk Away Plan marks may be infringing.

21  Instead, within ten days of receipt of the letter, Crisis Management advised that it did not believe its

22  use of its marks infringed on You Walk Away's rights and that it would be contacting its attorneys to

23  determine how to proceed.  Promptly after retaining counsel – and only two weeks after You Walk

24  Away sent its February 29, 2008 letter – Crisis Management filed suit to protect its right to continue

25  using the Walk Away Plan marks.  These are the precise circumstances for which the first-to-file

26  rule expressly exists to address.

27

28

**IV.**

**CONCLUSION**

For the foregoing reasons, Crisis Management's Motion to Dismiss, Stay, and/or Transfer this action should be granted.

Dated:      April 14, 2008                    MARISCAL, WEEKS, McINTYRE
                                              & FRIEDLANDER, P.A.

                                              AND

                                              SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                              A Professional Law Corporation


                                              By:    /s/ Cynthia A. Fissel
                                                     Cynthia A. Fissel
                                                     Attorneys for Defendant
                                                     CRISIS MANAGEMENT, LLC