1 | SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
2 | Cynthia A. Fissel, SBN 164153
550 West "C" Street, Suite 1500
3 | San Diego, California 92101
Telephone:    (619) 233-4100
4 | Fax Number:  (619) 231-4372
fissel@shlaw.com
5 |
James S. Rigberg, Pro Hac Vice (Arizona Bar No. 015267)
6 | MARISCAL, WEEKS, McINTYRE
        & FRIEDLANDER, P.A.
7 | 2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
8 | Telephone:    (602) 285-5000
Fax Number:  (602) 285-5100
9 | Jim.rigberg@mwmf.com
Attorneys for Defendant, CRISIS MANAGEMENT, LLC

10 |

11 | **UNITED STATES DISTRICT COURT**

12 | **SOUTHERN DISTRICT OF CALIFORNIA**

13 | YOU WALK AWAY, LLC, a California        )    Case No. 08 CV 0529 WQH BLM
limited liability company,,              )
14 |                                         )    **DECLARATION OF JAMES S.**
          Plaintiff,                     )    **RIGBERG IN SUPPORT OF CRISIS**
15 |                                         )    **MANAGEMENT, LLC'S MOTION**
v.                                       )    **TO DISMISS, STAY, OR**
16 |                                         )    **TRANSFER VENUE TO THE**
CRISIS MANAGEMENT, LLC, an               )    **DISTRICT OF ARIZONA**
17 | Arizona corporation, and WALK AWAY      )
PLAN, LLC, a business entity of unknown  )    **[NO ORAL ARGUMENT UNLESS**
18 | form,                                   )    **REQUESTED BY COURT]**
                                         )
19 |          Defendants.                   )    Date:      May 19, 2008
                                         )    Time:      11:00 a.m.
20 |                                         )    Crtm.:     4
                                         )
21 | _____)    Judge:     Hon. William Q. Hayes

22 |

23 |        I, James S. Rigberg declare as follows:

24 |        1.     I am an attorney duly admitted to the bar in the State of Arizona and admitted pro hac

25 | vice in this Court for this case.  I am counsel of record for Defendant Crisis Management, LLC

26 | ("Crisis Management"), an Arizona limited liability company.  I have personal knowledge of the

27 | facts set forth in this Declaration and if called as a witness would be competent to testify thereto.

28 |

1    2.    Attached hereto as Exhibit "1" is a true and correct copy of the Complaint filed in the

2    action styled *Crisis Management, L.L.C. v. You Walk Away, L.L.C.*, U.S.D.C., District of Arizona

3    Case No. CD-08-0504-PHX-FJM, filed March 14, 2008.

4    3.    Attached hereto as Exhibit "2" is a true and correct copy of a letter dated February 29,

5    2008, from counsel for You Way Away to Crisis Management.

6    4.    Attached hereto as Exhibit "3" is a true and correct copy of *Seattle Pacific Industries,*

7    *Inc. v. Levi Strauss & Co.*, 46 U. S. P. Q. 2d 1316, 1997 U.S Dist. LEXIS 22579 (W. D. Wa. 1997).

8    I declare under penalty of perjury under the laws of the United States and the State of

9    California that the foregoing matters are true and correct and that this declaration was executed on

10   April 11ᵗʰ, 2008 at Phoenix, Arizona.

11

12                                                            James S. Rigberg

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

James S. Rigberg (015267)
Jim.Rigberg@mwmf.com
David G. Bray (014346)
David.bray@mwmf.com
MARISCAL, WEEKS, McINTYRE
    & FRIEDLANDER, P.A.
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
Phone: (602) 285-5000
Fax: (602) 285-5100
david.bray@mwmf.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| CRISIS MANAGEMENT, LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>YOU WALK AWAY, LLC, a California limited liability company,<br><br>    Defendant. | No.<br><br>**COMPLAINT**<br><br>**(Declaratory Judgment)** |

    Plaintiff, Crisis Management, LLC ("Plaintiff") for its complaint against defendant You Walk Away, LLC ("Defendant"), by and through its undersigned counsel, Mariscal, Weeks, McIntyre & Friedlander, P.A., hereby alleges and states as follows:

## THE PARTIES

    1.    Plaintiff is an Arizona limited liability company corporation with its principal place of business at 6006 N 83rd Ave Suite 201, Glendale, AZ 85303.

    2.    Upon information and belief, defendant You Walk Away, LLC is a California limited liability company with its principal place of business at 701 Palomar Airport Rd.,

3rd Floor, Carlsbad, California92011.

3.      Defendant is a citizen of a state other than Arizona, within the meaning of 28 U.S.C. § 1332(c)(1).  Defendant has caused events to occur in Maricopa County, Arizona out of which this complaint derives.

## JURISDICTION

4.      This Court has subject matter jurisdiction over this claim for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57, Fed. R. Civ. P., as this is a case of actual controversy within the Court's jurisdiction.  The Court has subject matter jurisdiction over the underlying claim pursuant to (a) 28 U.S.C § 1331, as it involves the right to use a trademark and threatened claims under the Lanham Act.

## VENUE

5.      Venue is proper in this district under 28 U.S.C. § 1391(a) and (c), as Defendant is subject to personal jurisdiction in this state.

## FACTS COMMON TO ALL CLAIMS

6.      Plaintiff is the owner of the "www.walkawaplan.com domain name and WALK AWAY PLAN trade name and trademark.

7.      Defendant has claimed trademark rights in the phrase "YOU WALK AWAY."

8.      On or about February 29, 2008, Defendant's counsel mailed a letter to Plaintiff charging that Plaintiff's use of its WALK AWAY PLAN name and mark and www.walkawayplan.com domain name infringed Defendant's claimed YOU WALK AWAY mark and demanding that Plaintiff cease and desist all further use of  WALK AWAY PLAN.

## CLAIM FOR RELIEF

### (Declaratory Judgment)

9.     Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through8, inclusive, as though set forth in full herein.

10.     There is an actual and justiciable controversy between Plaintiff and Defendant regarding Plaintiff's use of the WALK AWAY PLAN name and mark and www.walkawayplan.com domain name.

11.     As a matter of law, Plaintiff's use of the WALK AWAY PLAN name and mark and www.walkawayplan.com domain name and mark does not infringe any claimed trademark rights that Defendant claims in the phrase "YOU WALK AWAY."

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that the Court:

A.     Issue a judgment declaring that Plaintiff's use of its WALK AWAY PLAN name and mark and www.walkawayplan.com domain name do not infringe any claimed trademark rights that Defendant claims in the phrase "YOU WALK AWAY."

B.     Grant such additional or other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 13th day of March, 2008.

MARISCAL, WEEKS, McINTYRE
& FRIEDLANDER, P.A.


By:  s/ David G. Bray
     James S. Rigberg
     David G. Bray
     2901 North Central Avenue
     Suite 200
     Phoenix, Arizona 85012-2705
     Attorneys for Plaintiff

U:\ATTORNEYS\Dgb\Crisis Management\Declaratory Judgment Complaint.doc

3

## Complaints and Other Initiating Documents

2:08-cv-00504 Crisis Management, LLC, an Arizona limited liability company v. You Walk Away, LLC, a California limited liability company

### U.S. District Court

### DISTRICT OF ARIZONA

### Notice of Electronic Filing

The following transaction was entered by Bray, David on 3/13/2008 at 4:46 PM MST and filed on 3/13/2008

**Case Name:** Crisis Management, LLC, an Arizona limited liability company v. You Walk Away, LLC, a California limited liability company

**Case Number:** 2:08-cv-504

**Filer:** Crisis Management, LLC, an Arizona limited liability company

**Document Number:** 1

**Docket Text:**
**COMPLAINT. Filing fee received: $ 350.00, receipt number 09700000000001797005, filed by Crisis Management, LLC, an Arizona limited liability company. (Attachments: # (1) Civil Cover Sheet, # (2) Summons)(Bray, David)**

**2:08-cv-504 Notice has been electronically mailed to:**

David Geoffrey Bray    David.Bray@MWMF.com, kim.monk@mwmf.com

**2:08-cv-504 Notice will be sent by other means to those listed below if they are affected by this filing:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=3/13/2008] [FileNumber=2665396-0
] [49398d9a96147da108532f787cee2f3b57cc1d8e1da0eb7fa112ea7cb5c12eaa72d
66e21d20a77cb50585ee8379e2888d2ec4920151104ab1048f685a7aac61f]]
**Document description:**Civil Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=3/13/2008] [FileNumber=2665396-1
] [94106ab845248e11c71b7b49b924cddac6d6d9f87bbf4bd76eb11b859caf75c2f3a
6be6fbf64f7943d75788afae92464fb02ad504c77f2ef93a5dafeaa6d3b07]]

CM/ECF - azd

**Document description:**Summons
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1096393563 [Date=3/13/2008] [FileNumber=2665396-2
] [87f82259113e24e7a75e7f0dabdc647112a71cb8f91592f9d36c3c89ff900e58110
2f900a529a51d341bd6a6464fb36c034187b349c979ed4845847d6e7b8216]]

EXHIBIT 2

NORMAN T. SELTZER
ROBERT CAPLAN
GERALD L. MCMAHON
REGINALD A. VITEK
DAVID J. DORNE
JAMES R. DAWE
BRIAN T. SELTZER
ELIZABETH A. SMITH-CHANEY
JOYCE A. MCCOY
DENNIS J. WICKHAM
JOHN H. ALSPAUGH
JAMES P. DELPHEY
ELINOR T. MERIDETH
MICHAEL G. HARDI
THOMAS F. STEINKE
NEAL P. PANISH
SEAN T. HARGADEN
DAVID J. ZUBKOFF
CHARLES L. GOLDBERG
PATRICK Q. HALL
MICHAEL A. LEONE
DANIEL A. ANDRIST
J. SCOTT SCHEPER
LEE E. HEJMANOWSKI
DANIEL E. EATON
MONTY A. MCINTYRE
GREGORY A. VEGA
HOWARD J. BARNHORST II
PAUL P. DAYNOW
JACK R. LEER
AMANDA L. HARRIS
MARNIE S. SKEEN
DAVID M. GREELEY
CHARLES B. WITHAM
RHONDA K. CRANDALL
SCOTT A. MILLER
ROBERT (ROBIN) M. TRAYLOR
LINDA PAPST de LEON
JOSEPH P. MARTINEZ
RICHARD A. CLEGG
G. SCOTT WILLIAMS
JEFFREY B. HARRIS
MATTHEW M. MAHONEY
ERIK L. SCHRANER
CHRISTOPHER L. LUDMER
CYNTHIA MORGAN
ANDREW D. BROOKS
CHRISTINE M. LA PINTA
DANIEL W. ABBOTT
ANGELA A. WOOLARD
ALLISON C. SHANAHAN
JASON P. SWEENEY
JASON M. SANTANA
NICHOLAS S. BARNHORST
CHAD N. HARRIS
MICHAEL B. LEES
JUSTINE M. PHILLIPS
HOPE N. CHAU
J. KEVIN MANN
TRACY A. WARREN
KEVIN O. HOON
KIRSTEN Y. ZITTLAU
RACHEL N. SCATIZZI¹
TODO E. HYATT
MATTHEW D. SELTZER
EDWARD J. O'CONNOR
JESSIKA K. JOHNSON
KATHRYN B. QUARLES

OF COUNSEL
M. CHRISTINE TENNISON

¹ADMITTED IN MISSOURI &
ILLINOIS ONLY

www.scmv.com
619.685.3003
619.685.3100 FAX

2100 SYMPHONY TOWERS
750 B STREET
SAN DIEGO, CALIFORNIA 92101

SELTZER | CAPLAN | McMAHON | VITEK

A LAW CORPORATION

NICHOLAS S. BARNHORST, ESQ.

nbarnhorst@scmv.com
619.685.3093
619.702.6847 FAX
ALSO ADMITTED IN WISCONSIN

February 29, 2008

***VIA CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED***

Chief Executive Officer
Walk Away Plan, LLC
6006 N. 83rd Ave, Suite 203
Glendale, AZ 85303

General Counsel
Walk Away Plan, LLC
6006 N. 83rd Ave, Suite 203
Glendale, AZ 85303

RE:     You Walk Away, LLC adv. Walkawayplan.com
        YOU WALK AWAY
        USPTO Application No. 77384074
        Our File No. 13998.63596

To Whom It May Concern:

This firm represents You Walk Away, LLC ("You Walk Away") owner of the
YOU WALK AWAY trademark, youwalkaway.com, and the above-referenced
United States Patent and Trademark Office application for registration. You Walk
Away adopted the mark YOU WALK AWAY and the url youwalkaway.com for
use in connection with foreclosure information and consultation and is currently
using the mark and website in trade.  It has come to our client's attention that you
have subsequently commenced using the terms WALK AWAY PLAN and
walkawayplan.com in connection with foreclosure information and consultation.

The YOU WALK AWAY trademark is an important asset of our clients.
Consumers have come to associate the YOU WALK AWAY mark with our client
and its services.  The trademark YOU WALK AWAY, Application No. 77384074,
is pending for approval in the United States Patent and Trademark Office. This use
and federal application confer on our client the exclusive right to use the name
YOU WALK AWAY and youwalkaway.com in trade.  Your use of the term
WALK AWAY PLAN and the website walkawayplan.com (which bears a striking
resemblance to our client's distinctive youwalkaway.com website), particularly in
the same channel of trade, infringes on our client's trademark and produces a
likelihood of confusion among consumers.  Consumers are likely to believe your
services are endorsed by or affiliated with YOU WALK AWAY.

Walk Away Plan, LLC
Our File No. 13998.63596
February 29, 2008
Page 2

Your use of the term WALK AWAY PLAN and the website walkawayplan.com
appears to be a violation of the Lanham Act governing trademarks in the United
States.  Violations of the Lanham Act may subject the infringer to injunctive relief
and monetary damages including an award of the infringer's profits, the trademark
owner's lost profits, attorney's fees, costs and treble damages.  Additionally, it
appears that your activities constitute acts of false designation of origin, false
advertising, and unfair competition under various state laws.  You Walk Away is
prepared to pursue all remedies available to enforce its rights.

On behalf of You Walk Away, we insist that you immediately discontinue use of
the terms WALK AWAY PLAN and walkawayplan.com.  We request written
confirmation within 10 days of the date of this letter that you have voluntarily
complied with this request or we will have no choice but to take further legal action.
Please sign this letter where indicated below and return it to us to acknowledge that
you have agreed to cease all use of the terms WALK AWAY PLAN and
walkawayplan.com.

Very truly yours,

Nicholas S. Barnhorst
Seltzer Caplan McMahon Vitek
A Law Corporation

## ACKNOWLEDGED & AGREED

Walk Away Plan, LLC
By: _____

_____
Title

**EXHIBIT 3**

LexisNexis™ *Total Research System*            Switch Client | Preferences | Sign Off | [?] Help

Search ⟍ Research Tasks ⟍ Get a Document ⟍ *Shepard's®* ⟍ Alerts ⟍ Total Litigator ⟍ Transactional Advisor ⟍ Cour
Source: **Combined Source Set 1** [i] **- 9th Circuit - US District Court Cases**
Terms: **"first to file" and trademark**  (Edit Search | Suggest Terms for My Search | Feedback on Your Search)

↵Select for FOCUS™ or Delivery
☐

*1997 U.S. Dist. LEXIS 22579, \*; 46 U.S.P.Q.2D (BNA) 1316*

SEATTLE PACIFIC INDUSTRIES, INC., a Washington corporation, Plaintiff, v. LEVI STRAUSS &
CO., a Delaware corporation, Defendant.

No. C97-1282D

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, SEATTLE
DIVISION

1997 U.S. Dist. LEXIS 22579; 46 U.S.P.Q.2D (BNA) 1316

December 12, 1997, Decided
December 12, 1997, Entered

**DISPOSITION:** **[\*1]** Defendant Levi Strauss' motion to dismiss DENIED.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant company filed a motion to dismiss plaintiff
company's action seeking declaratory judgment on the issue of **trademark** infringement.

**OVERVIEW:** Prior to the filing of the action, the parties entered into a settlement of a
complaint with plaintiff agreeing to cease manufacturing pants with an allegedly offending
label. Defendant wrote to plaintiff, threatening litigation over plaintiff's latest label and
pocket stitching, and defendant stated its intention to file suit. Plaintiff then filed this
action for declaratory judgment, and defendant filed an action in California accusing
plaintiff infringement and breaching a prior agreement. Defendant filed a motion to
dismiss the complaint, claiming that California was the more logical place to bring suit and
that plaintiff only filed the suit to forum-shop. The court denied the motion to dismiss. The
court held that the court would honor the **first-to-file** rule unless there was evidence of
bad faith or an anticipatory suit engaged in for forum shopping. The court held that there
was no evidence of either, even though by nature a declaratory judgment action was an
anticipatory suit. The court held that plaintiff filed suit to protect its right after a threat by
defendant, and defendant's counterclaims could be brought in the action because they
involved the same issue.

**OUTCOME:** The court denied defendant's motion to dismiss the complaint.

**CORE TERMS:** declaratory judgment, infringement, settlement, courthouse, trademark,
tab, settlement agreement, bad faith, anticipatory, shopping, responded, label,
counterclaims, declaratory, disregarded, honored, stitching, pocket, cease

**LEXISNEXIS® HEADNOTES**                                              ⊟**Hide**

Civil Procedure > Justiciability > Case or Controversy Requirements > Immediacy 🔳
Civil Procedure > Declaratory Judgment Actions > Federal Judgments > Factors 🔳

*HN1*⚹An action brought under the Declaratory Judgment Act, 28 U.S.C.S. § 2201, must
be of sufficient immediately and reality to satisfy the case or controversy
requirement of the United States Constitution. A declaratory action gives the
plaintiff an opportunity to clarify legal rights and obligations where they are
uncertain. More Like This Headnote

Civil Procedure > Venue > Federal Venue Transfers > General Overview 🔳

*HN2*⚹The **first-to-file** rule is generally honored by federal courts. The rule allows a
district court to transfer, stay, or dismiss an action filed in another federal court.
Application of the rule requires an identity of parties and issues. Its purposes are
to conserve judicial resources and promote efficiency. It should not be disregarded
lightly. The rule may be disregarded, however, when there is evidence of bad faith
or an anticipatory suit engaged in for the sake of forum
shopping. More Like This Headnote

Civil Procedure > Venue > General Overview 🔳

*HN3*⚹The **first-to-file** rule should not be abandoned except where there has been some
bad faith or deliberate delays in order to accomplish forum
shopping. More Like This Headnote

Civil Procedure > Venue > Motions to Transfer > Choice of Forum 🔳

*HN4*⚹When deciding whether to dismiss one case and allow another, the real question
for a court is not which action was commenced first but which will most fully serve
the needs and convenience of the parties and provide a comprehensive solution of
the general conflict. More Like This Headnote

**COUNSEL:** For SEATTLE PACIFIC INDUSTRIES INC, plaintiff: Paul T. Meiklejohn, SEED &
BERRY, SEATTLE, WA.

For LEVI STRAUSS & CO, plaintiff: Nancy Lee Tang, LEGAL STRATEGIES GROUP,
EMERYVILLE, CA.

For LEVI STRAUSS & CO, defendant: Al VanKampen, BOGLE & GATES PLLC, SEATTLE, WA.

For LEVI STRAUSS & CO, defendant: Gregory S Gilchrist, Nancy Lee Tang, LEGAL
STRATEGIES GROUP, EMERYVILLE, CA.

For SEATTLE PACIFIC INDUSTRIES INC, defendant: Paul T. Meiklejohn, SEED & BERRY,
SEATTLE, WA.

For SEATTLE PACIFIC INDUSTRIES INC, counter-claimant: Paul T. Meiklejohn, SEED &
BERRY, SEATTLE, WA.

For LEVI STRAUSS & CO, counter-defendant: Nancy Lee Tang, LEGAL STRATEGIES GROUP,
EMERYVILLE, CA.

**JUDGES:** Carolyn R. Dimmick, United States District Judge.

**OPINION BY:** Carolyn R. Dimmick

### OPINION

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on defendant Levi Strauss & Co.'s ("Levi Strauss") motion to dismiss. The basic battle is over alleged infringement of Levi Strauss' **trademarks** by Seattle Pacific Industries, Inc. ▾ ("SPI"). SPI uses the "Union Bay" logo on its jeans. The issue is whether the Court should follow the **first-to-file [\*2]** rule where plaintiff seeks a declaratory judgment on the issue of **trademark** infringement, and defendant later filed a case including additional claims. As will be explained below, the Court denies Levi Strauss' motion. [1]

### FOOTNOTES

1 Plaintiff has requested oral argument, but the Court concludes that it is not necessary in view of the extensive briefing.

SPI filed a declaratory judgment in this Court August 4, 1997, seeking a ruling that its sewn-down-back-pocket label (Ex. 1 to the complaint) is not to be confused with Levi's registered pocket tab **trademarks.** On September 18, 1997, Levi Strauss filed a complaint in United States District Court for the Northern District of California, accusing SPI of infringement and also making a claim for breach of a prior settlement agreement. The facts surrounding the prior settlement are disputed, [2] but that much seems clear: August 15, 1995, Levi filed a complaint in California which was settled in November of 1996, with SPI agreeing to cease manufacturing pants with an allegedly **[\*3]** offending label (Exs. A and B to the Settlement Agreement) after December 31, 1996, and cease distributing or selling after March 31, 1997. Apparently, the stitching design was also at issue. The settlement contained language to the effect that it applied only to preclude use of the design or device *exactly* as depicted and not to serve as a concession in future litigation.

### FOOTNOTES

2 SPI insists that Levi first accused it of infringement in 1993 and dragged out settlement talks to 1995, which is the reason SPI filed here to gain some certainty.

In the current case, Levi Strauss initially wrote SPI on or about March 26, 1997 threatening litigation over SPI's latest horizontal label and pocket stitching. SPI responded immediately by telephone and left a voice mail message on or about March 28 and April 7. Levi Strauss responded by letter June 19, 1997, apologizing for its late response and stating its intention to file suit:

> LS&Co. continues to believe that the second tab devise I brought to your attention, attached **[\*4]** at Tab 2, infringes its Tab Device **trademark**. Since you have indicated that SPI intends to continue using this design, we have no choice but to file a complaint. If you have any other solution to propose, please contact me as soon as possible.

Ex. 3 to Declaration of Gregory S. Gilchrist. SPI argues that it filed this suit August 4, 1997 to avoid the long delays which occurred in the California case where Levi Strauss did not file for several years.

Levi Strauss contends that SPI simply rushed to the courthouse to avoid the suit that Levi
Strauss would bring in California. Levi Strauss also argues that it has the more
comprehensive suit in California and that would be the logical place for these issues to be
raised.

SPI contends that the California claims related to breach of the settlement agreement are
frivolous, and in any event can be added as counterclaims to the action in Washington. *HN1*
⟊An action brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, must be "of
sufficient immediacy and reality" to satisfy the case or controversy requirement of the
United States Constitution. _Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270,
273, 85 L. Ed. 826,_ **[*5]** 61 S. Ct. 510 (1941). A declaratory action gives the plaintiff an
opportunity to clarify legal rights and obligations where they are uncertain. _Guerra v. Sutton,
783 F.2d 1371 (9th Cir. 1986)._

*HN2*⟊The **first-to-file** rule is generally honored by federal courts. The rule "allows a district
court to transfer, stay, or dismiss an action ... filed in another federal court ...." _Alltrade, Inc.
v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir. 1991)._ Application of the rule requires
an identity of parties and issues. _Id. at 625._ Its purposes are to conserve judicial resources
and promote efficiency. _Id. at 625._ It "should not be disregarded lightly." _Church of
Scientology of California v. United States Dept. of the Army, 611 F.2d 738, 750 (9th Cir.
1979),_ quoted in _Alltrade, 946 F.2d at 625._ The rule may be disregarded, however, when
there is evidence of bad faith or an anticipatory suit engaged in for the sake of forum
shopping. _Id. at 628._

Apparently, the fact that the first-filed case here is one for declaratory judgment should not
weight against retaining it. For example, SPI refers to _Fundamental Too, Ltd. v. Universal
Music Group, Inc., 1997 U.S. Dist._ **[*6]** LEXIS 4784, 1997 WL 181255, 42 U.S.P.Q.2D
(BNA) 1624 (E.D.P.A. 1997), a copyright case where the court honored **first-to-file** rule
when plaintiff sought declaratory judgment. The Pennsylvania court noted that there was a
tension between an anticipatory suit (forum shopping) and access to the federal court for a
declaratory judgment. Because a declaratory judgment plaintiff must wait until he is
reasonably certain that he is faced with a lawsuit before filing his complaint, all such cases
could be considered "anticipatory."

> If there is to be more than an illusion that a federal forum is to be available for a
> declaratory judgment plaintiff, the doors to the courthouse must at some point
> be opened and remain open.

_Id. at 1628,_ citing _Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931 (Fed. Cir. 1993),_ cert.
denied, 510 U.S. 1140, 114 S. Ct. 1126, 127 L. Ed. 2d 434 (1994) (general rule favors **first-
to-file** even in declaratory judgment context -- there must be a sound reason to abandon
the rule).

What this really seems to come down to is that *HN3*⟊the **first-to-file** rule should not be
abandoned except where there has been some bad faith or deliberate delays in order to
accomplish forum shopping. There is no **[*7]** evidence of either on the part of SPI. Levi
Strauss threatened suit in March, and SPI responded immediately insisting that there had
been no infringement. Even when SPI filed its complaint in August, it took another six weeks
for Levi Strauss to file in California. This does not look like a rush to the courthouse.

Levi Strauss insists that the fact that the California case covers additional claims (for breach
of settlement) should argue in favor of trial in California. It cites to _Gribin v. Hammer
Galleries, 793 F. Supp. 233 (C.D. Cal. 1992)._ Defendant in this case sought dismissal
because plaintiff's declaratory judgment constituted a race to the courthouse, depriving it of

its traditional forum and timing. The *Gribin* court held that a strict chronological rule would not be the determinant. It cited Wright & Miller, *Federal Practice & Procedure* § 2758 at 637-38.

> *HN4* ⚡The real question for the court is not which action was commenced first but which will most fully serve the needs and convenience of the parties and provide a comprehensive solution of the general conflict.

But the *Gribin* court apparently based its dismissal and failure to follow the **first-to-file [\*8]** rule on bad faith. It found that plaintiff had "artfully filed this action as a preemptive maneuver in anticipation of his defense in order to seize a California forum ...." *Id.* at 237. Moreover, the reference in Wright & Miller concerned considerations as to state versus federal court.

Most courts seem to have recognized that when the only additional claims can be raised as counterclaims in the first-filed action, there is no rationale for going to the "more comprehensive case." *See, e.g., Genentech, 998 F.2d at 938.* Here the breach of contract claims concern the same subject as the declaratory judgment action and can be resolved by this Court.

THEREFORE, defendant Levi Strauss' motion to dismiss is DENIED.

The Clerk of the Court is directed to send copies of this order to all counsel of record.

DATED this *12* day of December, 1997.

Carolyn R. Dimmick

United States District Judge

Source: **Combined Source Set 1** ⓘ **- 9th Circuit - US District Court Cases**
Terms: **"first to file" and trademark**  (Edit Search | Suggest Terms for My Search | Feedback on Your Search)
View: Full
Date/Time: Wednesday, April 2, 2008 - 6:50 PM EDT

\* Signal Legend:
● - Warning: Negative treatment is indicated
⊞ - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
\* Click on any *Shepard's* signal to *Shepardize*® that case.

 **LexisNexis®**   About LexisNexis  |  Terms & Conditions  |  Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.