Richard A. Clegg, Esq. (SBN 211213)
Nicholas S. Barnhorst, Esq. (SBN 241794)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone:   (619) 685-3003
Facsimile:    (619) 685-3100
nbarnhorst@scmv.com

Attorneys for Plaintiff YOU WALK AWAY, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOU WALK AWAY, LLC, a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CRISIS MANAGEMENT LLC, an Arizona corporation, and WALK AWAY PLAN LLC, a business entity of unknown form,<br><br>    Defendants. | CASE NO. 08 CV 0529 WQH BLM<br><br>PLAINTIFF YOU WALK AWAY, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, STAY, OR TRANSFER VENUE TO THE DISTRICT OF ARIZONA<br><br>Hearing Date: May 19, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>Judge: Hon. William Q. Hayes<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY COURT |

Plaintiff You Walk Away, LLC ("You Walk Away") hereby submits the following Opposition to the Motion to Dismiss, Stay or Transfer Venue to the District of Arizona ("Motion to Dismiss") submitted by Defendants Crisis Management, LLC and Walk Away Plan, LLC (collectively, "Crisis Management"):

///

///

///

# I.
# OVERVIEW

Less than two weeks after receiving a "cease and desist" letter from You Walk Away, and while its principals and attorneys discouraged You Walk Away from filing a trademark infringement suit, Crisis Management preemptively instituted an action for declaratory judgment in its home state of Arizona. Crisis Management did not notify You Walk Away that it had initiated a declaratory relief action; nor has Crisis Management ever sought to serve You Walk Away with the complaint. The following week, You Walk Away filed in the Southern District of California, and served on Crisis Management, a complaint for trademark and trade dress infringement and unfair competition.

Crisis Management now contends it is entitled to a dismissal of You Walk Away's trademark infringement and unfair competition action pending before this Court. Alternatively, Crisis Management seeks the stay or transfer of this action in favor of its yet-to-be-served declaratory judgment complaint in the District of Arizona. Crisis Management is entitled to one of these remedies, it says, because it was the "first to file" a complaint.

Crisis Management is *not* entitled to the relief it seeks, and the parties' dispute should be resolved before this Court, because Crisis Management's bad faith, anticipatory, hometown suit is a prototype case for which the well-known and well-established exceptions to the "first-to-file" principle have developed.

# II.
# FACTUAL BACKGROUND

You Walk Away is a San Diego-based company that provides foreclosure information services to customers through its internet website, www.youwalkaway.com. You Walk Away uses the trademark YOU WALK AWAY in its business. The present dispute centers around Crisis Management's subsequent adoption—following the commercial success and media attention garnered by You Walk Away—of the mark WALK AWAY PLAN, and Crisis Management's offering of foreclosure information services through the internet website, www.walkawayplan.com. (Additional information related to the parties and their respective

businesses can be found at ¶¶ 8-22 of You Walk Away's Complaint in this action.)  The facts pertinent to resolution of this motion—which unfolded over the course of just a few short weeks—are as follows:

On February 22, 2008, after a blitz of media attention accompanying You Walk Away's first 8 weeks of offering foreclosure information services, Crisis Management began using the mark WALK AWAY PLAN and the website www.walkawayplan.com to sell foreclosure information services.

One week later, on February 29, 2008, after a You Walk Away employee discovered the eerily similar www.walkawayplan.com website, You Walk Away sent a "cease and desist" letter demanding that Crisis Management[1] discontinue use of the confusingly similar WALK AWAY PLAN name and the www.walkawayplan.com website, and provide written confirmation of its voluntary compliance, within 10 days.  If Crisis Management refused, the letter warned, You Walk Away would take "further legal action."  See Declaration of Nicholas Barnhorst ("Barnhorst Decl.") at ¶ 2.

On March 8, 2008, Chad Ruyle, founder and CEO of You Walk Away, called the phone number on the www.walkawayplan.com website,  and left a voicemail requesting that Crisis Management call You Walk Away to discuss the cease and desist letter.  Ruyle did not hear back from anyone affiliated with Crisis Management.  See Declaration of Chad Ruyle ("Ruyle Decl.") at ¶ 4.

On March 10, 2008, Ruyle left a second message seeking to speak to someone at Crisis Management about its offending use of the WALK AWAY PLAN mark and related website.  Id. at ¶ 5.

The following day, on March 11, 2008, Ruyle was able to speak with Crisis Management's general manager, Paul Helbert.  Ruyle informed Helbert that You Walk Away

---

[1]   You Walk Away's cease and desist letter was addressed to "Walk Away Plan, LLC," who was listed as the operator of the www.walkawayplan.com website.  There is no Walk Away Plan, LLC registered as a Limited Liability Company with either the California or Arizona Secretary of State.  For purposes of this motion, Crisis Management LLC and Walk Away Plan, LLC, will be referred to, individually and collectively as "Crisis Management.

2

PLAINTIFF YOU WALK AWAY, LLC'S OPPOSITION TO DEFENDANTS'       CASE NO. 08 CV 0529 WQH BLM
MOTION TO DISMISS,  STAY, OR TRANSFER VENUE TO THE DISTRICT OF ARIZONA

1  and he were reasonable and wanted to resolve the dispute with Crisis Management without
2  resorting to litigation, if possible.  Helbert, in turn, assured Ruyle that he too wanted to "work
3  something out" and avoid a lawsuit.  Helbert asked if Crisis Management could have an
4  additional day to respond because, Helbert said, its attorneys were looking into the issues of
5  trademark and trade dress infringement You Walk Away had raised.  Helbert expressed also to
6  Ruyle that Crisis Management was considering You Walk Away's demand that Crisis
7  Management change the Walk Away Plan name and website.  Ruyle Decl. ¶ 6.

8  On March 12, 2008, having not heard anything from Helbert, You Walk Away's Ruyle
9  wrote an email to Crisis Management reiterating that You Walk Away would like to work
10 something out with Crisis Management and avoid needless litigation, if possible.  Crisis
11 Management, other than another request by Helbert for additional day of consideration, did not
12 substantively respond to Ruyle's email.  See Ruyle Dec. ¶ 7.

13 On Thursday, March 13, 2008, just after 4:00 p.m., and after another day had passed
14 without a substantive response from Crisis Management, counsel for You Walk Away called
15 James Rigberg, counsel for Crisis Management.  Rigberg answered the call, but informed
16 counsel for You Walk Away that he was on his cellphone and would return the call upon
17 arriving at the office.  Several minutes later, Rigberg, along with his colleague David Bray on
18 speakerphone, telephoned counsel for You Walk Away.  See Barnhorst Decl. ¶¶ 7-8.

19 In the short conversation that followed, counsel for You Walk Away (i) relayed to
20 Rigberg and Bray the frustration You Walk Away was experiencing with what it perceived as a
21 "run-around" from Crisis Management, and (ii) reiterated You Walk Away's demand that
22 Crisis Management cease use of the Walk Away Plan name and website.  Rigberg stated that it
23 was unlikely that Crisis Management would simply give up the name and website, but asked
24 that Crisis Management be given the weekend to respond to You Walk Away's demand, in part
25 because he and Bray were consumed with working on another motion.  The phone call between
26 counsel for You Walk Away, on the one hand, and Rigberg and Bray, on the other, concluded
27 sometime between 4:30 and 5:00 p.m. on March 13.  See Barnhorst Decl. ¶ 4.

28

That late afternoon of March 13th proved to indeed be a busy and productive one for Crisis Management and its attorneys; the PACER system (as reflected at page 7 of Rigberg's declaration) shows that Crisis Management's complaint was e-filed by Bray in the District of Arizona at **4:46 p.m** that same day, March 13—i.e., either immediately after, or during, the conversation in which Crisis Management had requested additional time to respond to You Walk Away's demands.

### III.

### DISCUSSION

Crisis Management makes one argument in support of its Motion to Dismiss: The Arizona complaint filed on March 13, 2008 was first in time relative to You Walk Away's complaint in this action, which was filed in the Southern District of California on March 21, 2008. Crisis Management's reliance on the "first-to-file" principle is misplaced.

There is value, certainly, in the general principle that, if two actions are pending that involve the same parties and the same subject matter, then the second-filed action should be dismissed in favor of the first. However, that principle "is not a rigid or inflexible rule to be mechanically applied," Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F. 2d 93, 95 (9th Cir. 1982), and courts can "in the exercise of its discretion, dispense with the first-filed principles for reasons of equity." Alltrade, Inc. v. Uniweld Products, Inc., 946 F. 2d 622, 628 (9th Cir. 1991). "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." Alltrade, 946 F. 2d at 682; see also Riviera Trading Corp. v. Oakley, Inc., 944 F. Supp. 1150, 1158 (S.D.N.Y. 1996) ["In addition to forum shopping, other 'special circumstances' that warrant exceptions to the first filed rule include the defendant's good faith attempts at settlement, judicial economy, the minimal difference in time between the filing of the two actions, and the lack of progress in either litigation."]

Crisis Management's anticipatory suit, filed in its preferred venue days before You Walk Away's suit, at a time when it was purportedly engaged in settlement discussions with You Walk Away, is precisely the type of action that the great weight of authority holds does

4

not deserve the "deference ordinarily reserved for first-filed actions." Xoxide, Inc. v. Ford Motor Co., 448 F. Supp. 2d 1188, 1194 (C.D. Cal. 2006). See also, e.g., Mediostream, Inc. v. Priddis Music, Inc., 2007 WL 2790688 (N.D. Cal. 2007); Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003); Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 271 (C.D. Cal. 1998).

Because equitable considerations preclude application of the first-to-file principle, the parties' dispute should be resolved in this Court.

**A.  Crisis Management filed its hometown suit in anticipation of being sued by You Walk Away.**

A suit "is anticipatory for purposes of allowing a court to treat it as an exception to the first to file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." See Xoxide, Inc., 448 F. Supp. 2d at 1192. One of the more common situations in which a suit has been deemed anticipatory is the one in which an alleged infringer files a declaratory judgment action shortly after receiving a cease and desist letter from the registered trademark owner. See, e.g., Mediostream, 2007 WL 2790688; Xoxide, 448 F. Supp. 2d at 1194; Z-Line Designs, 218 F.R.D. at 665; Guthy-Renker Fitness, 179 F.R.D. at 271.

Additionally, when a declaratory judgment action has been triggered by a cease and desist letter that both seeks settlement and notifies the party of the possibility of litigation upon collapse of negotiations, equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first. See Xoxide, 448 F. Supp. 2d at 1993; Z-Line Designs, Inc., 218 F.R.D. at 667. The rationale for applying the exception in such circumstances is that application of the first-to-file principle in favor of the infringer's anticipatory action would thwart the prospect of settlement negotiations, and encourage intellectual property holders to file suit rather than communicate with a suspected infringer. See Brighton Collectibles, Inc. v. Coldwater Creek, Inc., 2006 WL 4117032, 3 (S.D. Cal. 2006).

You Walk Away's February 29, 2008 cease and desist letter unequivocally notified Crisis Management of its desire to discuss informal resolution, and of the likelihood of

litigation upon collapse of negotiations. You Walk Away continued, over the course of the next 13 days, to express a willingness to resolve the matter informally, while reiterating that further legal action appeared to be the only other feasible option. Rather than Crisis Management communicating its intent not to engage in settlement negotiation, it instead lulled You Walk Away into believing settlement negotiations were alive while it hastily filed suit (i) to beat You Walk Away to the courthouse and (ii) to seek to secure its preferred venue. District courts in California have held that in this situation, "equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first." Xoxide, 448 F. Supp. 2d at 1993; see also Z-Line Designs, 218 F.R.D. at 667.

**B.     Crisis Management's filing of the Arizona suit while it simultaneously requested extensions from You Walk Away demonstrates bad faith.**

A party surreptitiously filing but not serving a declaratory judgment action, while misleading the opposing party into believing that it still plans to resolve the dispute through negotiations, is a prime example of bad faith. See Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., 16 Fed. Appx. 433, 438 (6th Cir. 2001); Plymouth Press v. Klutz, Inc., No. 96-CV-73925-DT, 1997 U.S. Dist. LEXIS 12185 (E.D. Mich. June 24, 1997).

Crisis Management, through its representatives and counsel, falsely led You Walk Away to believe that Crisis Management was willing to engage in settlement discussions. Crisis Management also requested additional time from You Walk Away before You Walk Away filed suit, ostensibly to keep the discussion lines open but in reality so that Crisis Management could get its suit filed first. Despite its later-revealed intention not to engage in good faith settlement discussions, Crisis Management expressed to You Walk Away that it was considering You Walk Away's demand that Crisis Management change or otherwise cease use of the Walk Away Plan name and website. The general manager and counsel for Crisis Management continued to request additional time to respond to You Walk Away's demand. This "sandbagging" continued right up to the moment (literally) that Crisis Management, unbeknownst to You Walk Away, filed its anticipatory Arizona suit.

6

PLAINTIFF YOU WALK AWAY, LLC'S OPPOSITION TO DEFENDANTS'        CASE NO. 08 CV 0529 WQH BLM
MOTION TO DISMISS, STAY, OR TRANSFER VENUE TO THE DISTRICT OF ARIZONA

Crisis Management's bad faith in misleading You Walk Away while preparing and filing the Arizona suit strongly suggests that this Court should deny Crisis Management's Motion to Dismiss. To do otherwise would "encourage races to the courthouse and discourage settlement," and reward parties for the surreptitious preparation of declaratory judgment actions while their opponents believe settlement negotiations are ongoing. See, e.g., Dunn Computer Corp. v. Loudcloud, Inc., 133 F. Supp. 2d 823, 829-30 (E.D. Va. 2001).

**C.  The facts of this case are not at all like those described in the lone district court case discussed by Crisis Management in its moving brief.**

In Seattle Pacific Industries, Inc. v. Levi Strauss & Co., 46 U.S.P.Q. 2d 1316, 1997 U.S. Dist. LEXIS 22579 (W.D. Wa. 1997), the Washington district court denied Levi Strauss's motion to dismiss SPI's declaratory judgment action. There, SPI had responded within two days of receiving a cease and desist letter from Levi Strauss. Despite multiple attempts by SPI to address Levi Strauss's contentions, Levi Strauss did not follow up on its infringement claims for several more weeks. Moreover, SPI and Levi Strauss previously had been engaged in litigation over similar issues, and Levi Strauss had a demonstrated history of stringing out settlement discussions over the course of many months before filing suit. Even when SPI first filed its declaratory judgment action, Levi Strauss delayed an additional six weeks before filing suit. SPI's action, brought in a climate of uncertainty against an opponent with a history of delay, did "not look like a rush to the courthouse." Seattle Pacific, 46 U.S.P.Q. 2d at 1318.

In stark contrast, Crisis Management filed its declaratory judgment within *two weeks* of receiving a cease and desist letter from You Walk Away, at the same time it was representing a willingness to engage in settlement discussions with You Walk Away. Crisis Management was not threatened with the prospect of prejudice by any anticipated delay on the part of You Walk Away. You Walk Away promptly notified Crisis Management of its potential liability for infringement of You Walk Away's trademark and website. You Walk Away then attempted to engage in settlement discussions with Crisis Management. You Walk Away also filed suit promptly after Crisis Management failed to respond to You Walk Away's attempts at settlement discussions.

7

PLAINTIFF YOU WALK AWAY, LLC'S OPPOSITION TO DEFENDANTS'         CASE NO. 08 CV 0529 WQH BLM
MOTION TO DISMISS, STAY, OR TRANSFER VENUE TO THE DISTRICT OF ARIZONA

The Seattle Pacific Industries court recognized that equitable considerations could militate in favor of abandoning the first-to-file rule. See id. at 1317-18. It ultimately found no reason to depart from the rule because SPI responded immediately to Levi Strauss's cease and desist letter; SPI had engaged in settlement negotiations with Levi Strauss for nearly five months before filing suit; and because Levi Strauss delayed in settlement discussions and did not file suit for another six weeks after SPI filed its action for declaratory relief. Here, in the three weeks after sending its cease-and-desist letter, You Walk Away contacted Crisis Management multiple times before obtaining a response; Crisis Management represented that it would engage in settlement discussions while surreptitiously preparing its complaint in the Arizona suit; and You Walk Away filed suit the week after Crisis Management filed its Complaint, and before Crisis Management ever served its complaint.

**D. Even if Crisis Management's filing were not improper, the uncertainty surrounding the Arizona action renders a transfer or stay inappropriate.**

Crisis Management has requested, as an alternative to dismissal, that this action be transferred or stayed in favor of its earlier-filed complaint in Arizona. But there is no guarantee that the Arizona action will ever proceed. It has been nearly two months since filing, and Crisis Management still has not served You Walk Away with the complaint in that action. Moreover, there is no certainty that the Arizona district court will exercise its declaratory judgment jurisdiction. Those prospects are but two of many in which a transfer could leave You Walk Away without a forum to adjudicate its claims.

Crisis Management's motion should be denied, and this Court should be the one to see the parties' dispute to judgment.

Dated: May 5, 2008                SELTZER CAPLAN McMAHON VITEK

                                  By:   /s/ Nicholas S. Barnhorst
                                        Richard A. Clegg
                                        Nicholas S. Barnhorst
                                        Attorneys for Plaintiff
                                        YOU WALK AWAY, LLC

8
PLAINTIFF YOU WALK AWAY, LLC'S OPPOSITION TO DEFENDANTS'       CASE NO. 08 CV 0529 WQH BLM
MOTION TO DISMISS, STAY, OR TRANSFER VENUE TO THE DISTRICT OF ARIZONA

# **TABLE OF CONTENTS**

**Page**

I. OVERVIEW ..........................................................................................................1

II. FACTUAL BACKGROUND ...............................................................................1

III. DISCUSSION .......................................................................................................4

    A. Crisis Management filed its hometown suit in anticipation of being sued by You Walk Away. ............................................................................5

    B. Crisis Management's filing of the Arizona suit while it simultaneously requested extensions from You Walk Away demonstrates bad faith. ........6

    C. The facts of this case are not at all like those described in the lone district court case discussed by Crisis Management in its moving brief. .............................................................................................................7

    D. Even if Crisis Management's filing were not improper, the uncertainty surrounding the Arizona action renders a transfer or stay inappropriate............................................................................................8

i

PLAINTIFF YOU WALK AWAY, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, STAY, OR TRANSFER VENUE TO THE DISTRICT OF ARIZONA

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Alltrade, Inc. v. Uniweld Products, Inc.
  946 F. 2d 622 (9th Cir. 1991)...................................................................................4

Brighton Collectibles, Inc. v. Coldwater Creek, Inc.
  2006 WL 4117032, 3 (S.D. Cal. 2006).....................................................................5

Dunn Computer Corp. v. Loudcloud, Inc.
  133 F. Supp. 2d 823 (E.D. Va. 2001).......................................................................7

Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.
  179 F.R.D. 264 (C.D. Cal. 1998)..............................................................................5

Mediostream, Inc. v. Priddis Music, Inc.
  2007 WL 2790688 (N.D. Cal. 2007).........................................................................5

Pacesetter Systems, Inc. v. Medtronic, Inc.
  678 F. 2d 93 (9th Cir. 1982).....................................................................................4

Plymouth Press v. Klutz, Inc.
  No. 96-CV-73925-DT, 1997 U.S. Dist. LEXIS 12185 (E.D. Mich. June 24, 1997) .................6

Riviera Trading Corp. v. Oakley, Inc.
  944 F. Supp. 1150 (S.D.N.Y. 1996).........................................................................4

Seattle Pacific Industries, Inc. v. Levi Strauss & Co.
  46 U.S.P.Q. 2d 1316, 1997 U.S. Dist. LEXIS 22579 (W.D. Wa. 1997)...............7, 8

Xoxide, Inc. v. Ford Motor Co.
  448 F. Supp. 2d 1188 (C.D. Cal. 2006).................................................................5, 6

Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.
  16 Fed. Appx. 433 (6th Cir. 2001)...........................................................................6

Z-Line Designs, Inc. v. Bell'O Int'l LLC
  218 F.R.D. 663 (N.D. Cal. 2003)..........................................................................5, 6