SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
Cynthia A. Fissel, SBN 164153
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372
fissel@shlaw.com

James S. Rigberg, Pro Hac Vice (Arizona Bar No. 015267)
MARISCAL, WEEKS, McINTYRE
    & FRIEDLANDER, P.A.
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
Telephone: (602) 285-5000
Fax Number: (602) 285-5100
Jim.rigberg@mwmf.com

Attorneys for Defendant, CRISIS MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOU WALK AWAY, LLC, a California limited liability company,, <br><br> Plaintiff, <br><br> v. <br><br> CRISIS MANAGEMENT, LLC, an Arizona corporation, and WALK AWAY PLAN, LLC, a business entity of unknown form, <br><br> Defendants. | Case No. 08 CV 0529 WQH BLM <br><br> **SUPPLEMENTAL DECLARATION OF PAUL HELBERT IN SUPPORT OF CRISIS MANAGEMENT, LLC'S MOTION TO DISMISS, STAY, OR TRANSFER VENUE TO THE DISTRICT OF ARIZONA** <br><br> Date: May 19, 2008 <br> Time: 11:00 a.m. <br> Crtm.: 4 <br> Judge: Hon. William Q. Hayes |

Paul Helbert declares as follows:

1. As set forth in my original Declaration, I did not see the letter dated February 29, 2008 that You Walk Away, L.L.C., sent to Crisis Management, L.L.C., until a few days after it arrived at Crisis Management's offices.

2. I did not have any communication with anyone from You Walk Away until March 11, 2008. On that date, I did have a telephone conversation with a You Walk Away representative named Chad whom I now know to be Chad Ruyle.

3. As set forth in my original Declaration, I advised Mr. Ruyle that I did not believe that Crisis Management's use of the names "Walk Away Plan" or "www.walkawayplan.com," infringed or otherwise violated You Walk Away's rights in any way.

4. While I advised that Crisis Management would be consulting with an attorney to determine how to respond to the February 29, 2008 letter and the allegations it contained, I did not ask You Walk Away for "additional time" or that You Walk Away refrain from taking any actions it believed were necessary to protect its rights.

5. I did not believe that You Walk Away really was going to file a lawsuit any time soon. In fact, in our telephone conversation, I advised Mr. Ruyle that I had recently seen the February 29, 2008 letter, and that I believed that You Walk Away simply was trying to intimidate Crisis Management.

6. I do not recall speaking with Mr. Ruyle again after March 11, 2008. If I did, all I would have told him was that I was consulting with Crisis Management's attorneys.

7. As set forth in my original Declaration, I had noticed that, in the February 29, 2008 letter, You Walk Away had advised that it had a trademark application pending with the United States Patent and Trademark Office for the You Walk Away marks.

8. Crisis Management also had filed a trademark application with the United States Patent and Trademark Office ("Trademark Office") to register the name Walk Away Plan under Serial No. 77/406511.

9. As set forth in my original Declaration, based on the competing pending applications, I wanted to make certain that a Court promptly determine that Crisis Management's use of the Walk Away Plan marks did not infringe on any of You Walk Away's rights.

10. In my original Declaration, I mistakenly stated that I, on behalf of Crisis Management, consulted with an attorney and authorized the filing of the Declaratory Judgment Complaint on March 14, 2008; the correct date was March 13, 2008.

I declare under penalty of perjury that the foregoing matters are true and correct.

Dated: 5/9/08

Paul Helbert