# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| YOU WALK AWAY, LLC, a California limited liability company,<br><br>                     Plaintiff,<br>vs.<br>CRISIS MANAGEMENT, LLC, an Arizona corporation, and WALK AWAY PLAN, LLC, a business entity of unknown form,<br><br>                     Defendants. | CASE NO. 08cv529 WQH (BLM)<br><br>**ORDER** |
|---|---|

HAYES, Judge:

    The matter before the Court is the Motion to Dismiss, Stay, or Transfer Venue (Doc. # 7) filed by Defendant Crisis Management, LLC.

## **Background**

    This case arises out of a trademark dispute between Crisis Management, LLC ("Crisis Management") and You Walk Away, LLC ("You Walk Away"). Both Crisis Management and You Walk Away provide goods and services the internet-based foreclosure industry. Crisis Management uses the www.walkawayplan.com domain name and "Walk Away Plan" trade name and trademark. You Walk Away uses the www.youwalkaway.com domain name and the "You Walk Away" trade name and trademark.

    In a letter dated February 29, 2008 ("February 29 letter"), counsel for You Walk Away informed Crisis Management of its belief that Crisis Management's "use of the term Walk

1  Away Plan and the website walkawayplan.com (which bears a striking resemblance to [You
2  Walk Away's] distinctive youwalkaway.com website), particularly in the same channel of trade,
3  infringes on [You Walk Away's] trademark and produces a likelihood of confusion among
4  consumers." *Mot. to Dismiss*, Rigberg Decl., Exhibit 2.  The February 29 letter states that
5  Crisis Management's use of the term "Walk Away Plan" and the website
6  www.walkawayplan.com appears to violate the Lanham Act, and constitutes acts of false
7  designation of origin, false advertising and unfair competition.  The February 29 letter states:

> You Walk Away is prepared to pursue all remedies available to enforce its rights.
>
> On behalf of You Walk Away, we insist that you immediately discontinue use of the terms Walk Away Plan and walkawayplan.com.  We request written confirmation within 10 days of the date of this letter that you have voluntarily complied with this request or we will have no choice but to take further legal action.

12  *Id.*

13  On March 11, 2008, Paul Helbert, the general manager of Crisis Management, spoke on
14  the telephone with Chad Ruyle, one of the founding members of You Walk Away.  *Opposition,*
15  Ruyle Decl., ¶ 6; *Reply,* Supp. Helbert Decl., ¶ 2.  The parties dispute the content of the
16  conversation between Ruyle and Helbert.  Ruyle attests that he informed Helbert that You Walk
17  Away wished to resolve the dispute without resorting to litigation; that Helbert responded that
18  Crisis Management too wanted to avoid litigation; and that Helbert asked for an additional day
19  to respond because "his attorneys were looking into the issues raised in" the February 29 letter.
20  *Opposition,* Ruyle Decl., ¶ 6.  Helbert attests that "[w]hile I advised that Crisis Management
21  would be consulting with an attorney to determine how to respond to the February 29, 2008
22  letter and the allegations it contained, I did not ask You Walk Away for 'additional time' or that
23  You Walk Away refrain from taking any actions it believed were necessary to protect its
24  rights." *Reply*, Supp. Helbert Decl., ¶ 4.  On March 13, 2008, James Rigberg, counsel for Crisis
25  Management, received a call from Nicholas S. Barnhorst, counsel for You Walk Away.
26  *Opposition,* Barnhorst Decl., ¶ 3; *Reply,* Supp. Rigberg Decl., ¶ 2.  Barnhorst attests that the
27  purpose of the phone call was to follow-up to the February 28 letter and that Rigberg responded
28  that "he was consumed with finishing a motion" and "requested that he be provided with time

1 over the weekend to determine how to respond." *Opposition,* Barnhorst Decl., ¶ 4. Rigberg
2 attests that during the March 13, 2008 telephone conversation with Barnhorst, "I advised Mr.
3 Barnhorst that I was not advised about any copyright infringement claims and that to respond
4 to the allegations he was making on the telephone, I would, at a minimum, need to discuss the
5 matter with my client. The conversation then concluded. At no time did I request that Mr.
6 Barnhorst (or his client) provide me or Crisis Management with additional time to respond to
7 any allegations, let alone the allegations contained in the February 29, 2008 letter." *Reply,*
8 Supp. Rigberg Decl.*,* ¶¶ 7-8.

9      Helbert attests that on March 13, 2008, "I, on behalf of Crisis Management, consulted
10 with an attorney and authorized that a lawsuit be filed in the United States District Court for the
11 District of Arizona to protect Crisis Management's right and ability to continue using the
12 domain name www.walkawayplan.com and the name Walk Away Plan. One of Crisis
13 Management's chief concerns was that an action be filed before the Trademark Office approved
14 You Walk Away's application." *Mot. to Dismiss,* Helbert Decl., ¶ 8; *Reply,* Supp. Helbert
15 Decl.*,* ¶ 10. On March 13, 2008, Crisis Management filed a complaint in the United States
16 District Court for the District of Arizona ("Arizona action") against You Walk Away. The
17 Arizona action alleges that Crisis Management is the owner of the www.walkawayplan.com
18 domain name and the "Walk Away Plan" trade name and trademark. The Arizona action seeks
19 a declaratory judgment pursuant to 28 U.S.C. section 2201 that Crisis Management's use of the
20 "Walk Away Plan" trade name and trademark and the www.walkawayplan.com domain name
21 does not infringe any claimed trademark rights You Walk Away claims in the phrase "You
22 Walk Away." *Mot. to Dismiss,* Rigberg Decl., Exhibit 1.

23      On March 21, 2008, You Walk Away initiated the action presently before this Court by
24 filing a complaint in the United States District Court for the Southern District of California
25 ("San Diego action") against Crisis Management (Doc. # 1). The San Diego action alleges that
26 Crisis Management's "Walk Away Plan" mark is nearly identical to the "You Walk Away
27 Mark;" that the www.walkawayplan.com website has replicated the look and feel of the
28 www.youwalkaway.com website; and that You Walk Away's "customers, potential customers,

1  as well as the news media and general public, have reported actual confusion between the two
2  marks." *Complaint,* ¶¶ 19-21.  The San Diego action alleges that despite the February 29 cease
3  and desist letter, Crisis Management refused to cease all use of their Walk Away Plan mark and
4  the www.walkawayplan.com website related to the internet-based foreclosure guidance
5  industry.  The Complaint alleges causes of action for (1) False Designation of Origin; (2)
6  Trademark Infringement; (3) Trade Dress Infringement; (4) Unfair Competition; and (5)
7  Interference with Prospective Economic Relations.  The San Diego action seeks a judgment
8  stating that Crisis Management infringed You Walk Away's trademarks and trade dress,
9  engaged in unfair competition, and interfered with You Walk Away's prospective advantage;
10 monetary damages; disgorgement; and injunctive relief.
11        On April 14, 2008, Crisis Management filed the Motion to Dismiss, Stay, or Transfer
12 Venue ("Motion to Dismiss").  Crisis Management contends that "[u]nder the 'first-to-file rule,'
13 this action should be transferred to the United States District Court for the District of Arizona
14 where it can be consolidated with the pending lawsuit brought by Crisis Management."  *Mot.*
15 *to Dismiss,* p. 1.  On May 5, 2008, You Walk Away filed a Response in Opposition to the
16 Motion to Dismiss (Doc. # 8).  On May 15, 2008, Crisis Management filed a Reply (Doc. # 9).

### **Analysis**

18        Crisis Management moves to dismiss, stay or transfer venue pursuant to the so-called
19 first-to-file rule, which allows a district court to transfer, stay or dismiss an action when a
20 similar complaint has already been filed in another federal court.  Crisis Management contends
21 that the Arizona action was filed before the San Diego action, involves the same parties as the
22 San Diego action and seeks the same relief as the San Diego action.  Crisis Management
23 contends that "[u]nder the 'first-to-file rule,' this action should be transferred to the United
24 States District Court for the District of Arizona where it can be consolidated with the pending
25 lawsuit brought by Crisis Management."  *Mot. to Dismiss,* p. 1.  Crisis Management contends
26 that it "did not bring the Arizona action in response to a specific, concrete indication that suit
27 was imminent."  *Reply,* p. 2.  Crisis Management contends that the February 29 letter was not
28 an indication to Crisis Management of "imminent" suit, but was rather a "veiled threat" that

1 You Walk Away would pursue its legal remedies if Crisis Management did not confirm that it
2 would discontinue using the Walk Away Plan marks within ten days. *Id.* at 3. Crisis
3 Management contends that the Arizona action was filed for the proper purpose of alleviating
4 the necessity of waiting potentially indefinitely for You Walk Away to file an infringement
5 action. *Id.* at 5. Crisis Management contends that grounds for disregarding the first-to-file rule
6 because the Arizona action was not an anticipatory lawsuit and evidence of bad faith sufficient
7 to justify disregarding the first-to-file rule does not exist.

8 You Walk Away contends that this case falls within an exception to the first-to-file rule
9 because the Arizona action constitutes an anticipatory lawsuit. You Walk Away states: "Crisis
10 Management's anticipatory suit, filed in its preferred venue days before You Walk Away's suit,
11 at a time when it was purportedly engaged in settlement discussions with You Walk Away, is
12 precisely the type of action that the great weight of authority holds does not deserve the
13 'deference ordinarily reserved for first-filed actions.'" *Opposition,* p. 4-5. You Walk Away
14 contends that the Arizona action is an anticipatory lawsuit because it seeks a declaratory
15 judgment and was filed shortly after receiving the February 29 letter that seeks settlement and
16 provides notification of the possibility of litigation upon collapse of negotiations. You Walk
17 Away further contends that Crisis Management's filing of the Arizona suit while it
18 simultaneously requested extensions from You Walk Away demonstrates the requisite bad faith
19 necessary to disregard the first-to-file rule.

20 The first-to-file rule was developed to "serve[] the purpose of promoting efficiency and
21 should not be disregarded lightly." *Church of Scientology v. United States Dep't of the Army,*
22 611 F.2d 738, 750 (9th Cir. 1979). A district court has discretion to invoke the first-to-file rule
23 and dismiss, transfer or stay an action "when a complaint involving the same parties and issues
24 has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d
25 93, 95 (9th Cir. 1982). "In applying this rule, a court looks at three threshold factors: (1) the
26 chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the
27 issues." *Z-Line Designs, Inc. v. Bell'O'Int'l, LLC,* 218 F.R.D. 663, 665 (N.D. Cal. 2003). In
28 considering a motion to dismiss, stay, or transfer on the basis of the first-to-file rule, a district

court may examine declarations, affidavits, and other evidence submitted by the parties. *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 628 (9th Cir. 1991).

The "circumstances under which an exception to the first-to-file rule typically will be made include bad faith, . . . anticipatory suit, and forum shopping. *Alltrade,* 946 F.2d at 628. (internal quotations omitted). "In order for a court to find that the initial suit was anticipatory, the plaintiff in the first action must have been in receipt of 'specific, concrete indications that a suit by defendant was imminent.'" *Inherent.com v. Martindale-Hubbell,* 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006) (quoting *Ward v. Follett Corp.,* 158 F.R.D. 645, 648 (N.D. Cal. 1994). Courts distinguish between statements that "at best amount to veiled threats of legal action," and unequivocal indications that a lawsuit will be filed if a party does not cease and desist an alleged infringement. *Guthy-Render Fitness, LLC, v. Icon Health & Fitness,* 179 F.R.D. 264, 271 (C.D. Cal. 1998).

*Royal Queentex Enterprises, Inc. v. Sara Lee Corporation,* 2000 U.S. Dist. LEXIS 10139 (N.D. Cal. 2000), involved a declaratory judgment action filed by Royal Queentex shortly after receiving a cease and desist letter from Sara Lee. The cease and desist letter provided notification of an alleged trademark infringement. The letter stated that Sara Lee was willing to "forego legal action to enforce its rights only if we receive prompt written assurances" that Royal Queentex "will immediately discontinue" use of the trademark. *Id.* at 6. The letter further stated that "[i]f we do not receive a response with these assurances within fourteen (14) days of the date of this letter," Sara Lee "has authorized this firm to take further legal action necessary and appropriate to enforce its valuable trademark rights." *Id.* at 5. In holding that the declaratory judgment action was not an anticipatory lawsuit, the *Royal Queentex* court stated: "The Court finds that [defendant's] letter constituted specific, concrete indications of a legal dispute, but not specific, concrete indications that suit was imminent." *Id.* at 17; *see also Guthy-Render,* 179 F.R.D. at 271 (holding that although a "declaratory action after receipt of an intent to sue letter favors a finding that the first-filed suit was done for anticipatory, forum shopping purposes," a letter that "merely encourag[es] further dialog to avoid the sale of infringing products necessitating legal action" does not "provide Plaintiff with

1  a specific, concrete indication of imminent suit").

2  On the other hand, *Inherent.com* held that a letter that claimed there had been a breach
3  of contract, provided a "five-page exhaustive analysis of the factual history" surrounding the
4  alleged breach, and stated that "unless a settlement is reached within five (5) business days a
5  lawsuit would be filed" was a sufficiently specific and concrete indication of suit. 420 F. Supp.
6  2d at 4098.  Similarly, *Coldwater Creek, Inc. v. Brighton Collectibles, Inc.,* 2007 U.S. Dist.
7  LEXIS 54780 (N.D. Cal. 2007), held that a cease and desist letter that stated "[i]f we do not
8  hear from you by the close of business next Friday, August 18, 2006 that you will comply with
9  our demands, we have been instructed to file suit" was a specific threat of an imminent lawsuit.
10 The court stated that "[w]hile the Court recognizes that the letter in *Royal Queentex* is similar
11 to the letter in this case, there is an important distinction between the two in that the letter in this
12 case is a specific, concrete indication that a suit was imminent absent a response by Plaintiff,
13 not just a threat of possible future legal action." *Id.* at 10-11.

14 In the present case, the parties do not dispute that the Arizona action was filed before the
15 San Diego action; that the parties to both actions are the same; and that the issues raised in both
16 actions are similar.  The Court concludes that, absent an exception, the first-to-file rule applies.
17 The February 29 letter requests that Crisis Management cease and desist use of the term "Walk
18 Away Plan" and the website www.walkawayplan.com.  The February 29 letter states: "We
19 request written confirmation within 10 days of the date of this letter that you have voluntarily
20 complied with this request or we will have no choice but to take further legal action." *Mot. to*
21 *Dismiss,* Rigberg Decl.*,* Exhibit 2.  The Court concludes that under this circuit's cases, the
22 language in the February 29 letter is equivocal with respect to whether a lawsuit was imminent
23 if Crisis Management did not comply with the demands made in the letter.  The language in the
24 February 29 letter does not provide "specific, concrete indications that a suit by [You Walk
25 Away] was imminent." *Ward,* 158 F.R.D. at 648.  Furthermore, You Walk Away did not file
26 its lawsuit until March 21, 2008, which was weeks after the ten-day deadline for taking further
27 legal action established in the February 29 letter, the evidence is conflicting with regard to
28 whether Crisis Management requested additional time to respond to the February 29 letter, and

there is no evidence that You Walk Away agreed to give Crisis Management more time to respond to the February 29 letter. The Court concludes that Crisis Management was not in receipt of "specific, concrete indications that a suit by [You Walk Away] was imminent" if Crisis Management did not comply with the demands in the February 29 letter. *Ward,* 158 F.R.D. at 648. The Court concludes that the first-to-file rule is applicable and that grounds do not exist for disregarding the rule. The Court further concludes that judicial efficiency and the interests of the parties will best be served by transferring this action to the United States District Court for the District of Arizona rather than staying or dismissing it.

### Conclusion

The Motion to Dismiss, Stay, or Transfer Venue (Doc. # 7) is **GRANTED.** The above-captioned action is hereby **TRANSFERRED** to the United States District Court for the District of Arizona.

DATED: August 6, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge